Opinion by
Henderson, J.,
All of the assignments of error except the third, eighth, ninth and tenth were withdrawn at the argument and our inquiry is therefore within a small compass. The action was trespass against the defendant for occupying part of the plaintiffs’ land in the construction of a railway track, and the material inquiry related to the location of the “Grimm” line which was the east line of the plaintiffs’ property. The plaintiffs' were the holders of the legal title as trustees and certain others who were the equitable owners under the trust. The evidence to which the third assignment relates was a declaration of trust made by the surviving trustee in favor of the equitable owners. The obj ection to this was that it was not proved by the attesting witness. It was, however, proved by the surviving trustee and that was sufficient for the purposes of the case. The identity of the parties beneficially interested in the trust might have been established by parol, and as that matter was incidental merely to the issue between the parties we think the rule as to the production of the subscribing witness would not apply even at common law. The offers rej ected as set forth in the eighth, ninth and tenth assignments did the defendant no harm, for the same witness testified at a little later stage in the examination that the fensewas a linefence and that itwas agreed to on both sides. The appellant had the benefit, therefore, of all that was proposed to be proved and was not prejudiced by the action of the court if it be conceded that the offers refused were competent. As to the eighth it may be added also that the offer did not contain such a definite proposal of testimony as would enable the court to determine whether it was admissible or not. What the father of the witness said on the subject might or not be competent depending on what his declaration actually was, and the offer does not inform us on that subject. On the point in controversy the jury found for the plaintiff on clearly competent evidence, and we are not persuaded that any error was committed to the prejudice of the defendant.
The judgment is affirmed.